# United States District Court
## for the Northern District of Oklahoma

Case No. 23-CV-00059-JDR-MTS

ROD RICHARDSON AND
ERIN RICHARDSON,

*Plaintiffs*,

*versus*

DARRYL SIBLEY AND
C.R. ENGLAND, INC.,

*Defendants*.

## OPINION AND ORDER

    The federal district courts in Oklahoma have repeatedly been asked to enter judgment on the pleadings on motions filed by trucking companies sued for negligent hiring, training, supervision, and retention. Plaintiffs often bring these claims in conjunction with general negligence claims involving a truck accident. The responding Defendant generally asserts that dismissal of certain negligence claims is warranted if it admits in its answer that the truck driver was acting within the scope of his employment at the time of the accident, relying on *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997). In nearly every case to litigate this issue since 2018, the plaintiff counters that *Jordan* was limited to its facts by *Fox v. Mize*, 428 P.3d 314 (Okla. 2018). Some courts have granted those motions, and others have denied them. We have these same issues here.

    Plaintiffs Rod and Erin Richardson have asked the Court to certify the question of whether a plaintiff has claims for negligent hiring, training, supervision, retention, and entrustment in a case where the defendant employer has stipulated to agency of a negligent employee. Oklahoma's federal district courts have given

No. 23-CV-00059

conflicting answers to this question, and the Court finds that it is appropriate to certify this question to the Oklahoma Supreme Court and GRANTS the motion.

This Court's decision to certify this question is within its discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974) (recognizing that certification is appropriate when the legal question is novel and the applicable law is unsettled). In exercising this discretion, "[a] court must consider whether certification will conserve the time, energy, and resources of the parties as well as of the court itself." *Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir. 1999). "Whether these values are served by certifying an issue to a state supreme court is within the 'sound discretion of the federal court.'" *Id.* (quoting *Schein*, 416 U.S. at 390-91). The Court is therefore within its discretion to seek an answer from the Oklahoma Supreme Court.

Plaintiff Rod Richardson was driving on Interstate 44 near Kellyville when he collided with a tractor trailer owned by defendant C.R. England, Inc. and driven by its employee, Darryl Sibley. Mr. Richardson sued Mr. Sibley for negligence, and he also sued Mr. Sibley's employer, C.R. England, for Sibley's actions based on the doctrine of respondeat superior. In addition to this claim against C.R. England, Mr. Richardson asserts direct claims against C.R. England for negligent hiring, training, supervision, and retention of its employees. Mrs. Richardson asserts claims for loss of consortium.

C.R. England moved for partial summary judgment on the direct negligence claims arguing that its stipulation to liability under the theory of respondeat superior vitiates any direct claims against it for negligent hiring, training, supervision, or retention based on its employee's harm to Mr. Richardson through employment. Like the many trucking company defendants in other cases, C.R. England relies on *Jordan v. Cates* and federal district court decisions applying *Jordan* to support its motion. And like plaintiffs in every case since 2018, Mr. Richardson relies on *Fox v. Mize* to argue that *Jordan* was limited to its facts and acknowledges footnote 12 in *Fox*, which states:

> We recognize the tension in our case law in this regard. As one federal district court has stated: "It is difficult to discern a persuasive basis for treating a claim for negligent entrustment differently from a claim for negligent hiring" because both "presumably rely on the

2

No. 23-CV-00059

> employer's own acts or negligence." *Warner*, 5:16-cv-00305-HE (Feb. 10, 2017). However, the issue is not currently before us on appeal. We do take this opportunity, however, to expressly state that for now, the holding in *Jordan* is limited to its facts.

*Fox v. Mize*, 428 P.3d 314, 322 n.12 (Okla. 2018).

Plaintiffs assert that the multiple cases cited by the parties "are directly conflicting and utterly irreconcilable." Dkt. 34 at 4. And for this reason, the Robertsons urge the Court to certify the question. The following decisions support the Richardsons' position: *Stalnaker v. Three Bros. Transp., LLC*, Case No. 4:20-CV-00140-JED-CDL, Dkt. 30 at 7-8 (N.D. Okla. Jan. 31, 2022) (finding that "where the employer admits respondeat superior liability, a plaintiff's ability to pursue direct negligence claims against the employer is again an open question under Oklahoma law" and predicting that the Oklahoma Supreme Court "would hold that [plaintiff] may pursue his claims for negligent hiring, retention, supervision, education, and training, despite [defendant's] admission of respondeat superior liability"); *Cox v. Swift Transp. Co. of Ariz.*, No. 18-CV-0117-CVE-JFJ, 2019 WL 3719887, at *3 (N.D. Okla. Aug. 7, 2019) (denying a motion for summary judgment of a negligent entrustment claim because "the Oklahoma Supreme Court has limited *Jordan* to its facts and has since recognized that a plaintiff can bring claims of direct negligence even after an employer has stipulated to respondeat superior liability"); *Epperson v. Braum's Inc.*, No. CIV-06-456-L, 2006 WL 8436466, at *1 (W.D. Okla. Oct. 16, 2006) (holding after *Jordan* but before *Fox* that plaintiffs may "assert claims based on respondeat superior while also asserting claims for negligent hiring, retention, and training" because "Rule 8 of the Federal Rules of Civil Procedure allows pleading claims in the alternative")

For its part, C.R. England argues that "[t]he consensus among federal courts on this issue [is] 'nearly unanimous.'" Dkt. 42 at 5 (citation omitted). The following decisions support England's position: *Schriner v. Gerard*, Case No. CIV-23-206-D, 2023 WL 3138026, at *2 (W.D. Okla. Apr. 27, 2023) (holding that *Fox* did not overrule *Jordan* because "*Fox*'s holding is limited to negligent entrustment claims"); *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *2 (W.D. Okla. July 15, 2022) ("While *Fox* calls the breadth of the *Jordan* decision into question, with the Court purportedly limiting *Jordan* to its facts,

3

the *Fox* court ultimately took pains to limit its decision to negligent entrustment claims."); *Singh v. ABF Freight Sys., Inc.*, Case No. CIV-19-340-RAW, 2021 WL 4593825, at *3 (E.D. Okla. Oct. 6, 2021) (dismissing the plaintiffs' claims for negligent supervision, negligent hiring, and negligent failure to train but allowing claim for negligent entrustment to proceed); *Huff v. Time Logistics, Inc.*, Case No. 20-CV-659-TCK-SH, 2021 WL 4005597, at *3 (N.D. Okla. Sept. 2, 2021) (applying *Jordan* to dismiss the plaintiff's direct negligence claims); *St. Clair v. Edwards*, Case No. CIV-19-00981-PRW, 2021 WL 1131711, at *3 (W.D. Okla. Mar. 24, 2021) (regarding *Jordan* as "good law requiring dismissal of negligent hiring, supervision, and retention claims" because courts "have almost unanimously rejected the idea that *Jordan* is limited to intentional torts"); *Sykes v. Bergerhouse*, Case No. CIV-20-333-G, 2021 WL 966036, at *3 (W.D. Okla. Mar. 15, 2021) (ruling that the plaintiff's "direct-negligence claims do not plausibly show an entitlement to relief . . . under Oklahoma law" because "*Jordan* remains viable"); *Sinclair v. Hembree & Hodgson Constr., L.L.C.*, Case No. CIV-18-938-D, 2020 WL 3965010, at *3 (W.D. Okla. July 13, 2020) ("separate negligent hiring, training, and supervision claims are superfluous in a case where vicarious liability has been established through stipulation"); *Annese v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) (dismissing the negligent hiring claim "because the same facts present here were at issue in *Jordan*"); *Thurmond v. CRST Expedited, Inc.*, No. CIV-18-1142-R, 2019 WL 6311996, at *1 (W.D. Okla. Nov. 25, 2019) (holding that *Jordan* controls because negligent entrustment was the only issue before the court in *Fox*).

The following decisions acknowledge that *Jordan* has been "roundly criticized" and is "ripe for consideration" but apply *Jordan* because it remains good law: *Jarrell v. Haaji*, Case No. CIV-23-00037-PRW, 2023 WL 8655869, at *2 (W.D. Okla. Dec. 14, 2023) (recognizing that the court must defer to the *Jordan* decision until it is reconsidered); *Estate of Ratley v. Awad*, Case No. CV-19-00265-PRW, 2021 WL 1845497, at *4 n.24 (W.D. Okla. May 7, 2021) (finding that the Oklahoma Supreme Court in *Fox* "merely declin[ed] to extend the holding in *Jordan* to claims for negligent entrustment"); *Taggart v. Casing Crews, Inc.*, Case No. CV-20-00050-PRW, 2021 WL 7706237, at *2-3 (W.D. Okla. Mar. 18, 2021) (dismissing claims for negligent hiring, training, supervision, and retention because *Jordan* remains good law); *Njuguna v. C.R. England, Inc.*, No. CV-19-379-R, 2020 WL 6151567, at *3

No. 23-CV-00059

(W.D. Okla. Oct. 20, 2020) (recognizing an "obligation to follow *Jordan* when it is applicable" and finding the plaintiff's claims of negligent hiring, supervision, retention and training "superfluous").

C.R England's "consensus" did not, however, include a persuasive, recent decision from this Court, *Stalnaker v. Three Bros. Transport, LLC*, "Order," Case No. 20-CV-140-JWB-CDL, Dkt. 30 (Jan. 31, 2022), in which Judge Tymkovich of the Tenth Circuit Court of Appeals, sitting by designation, declined to take the position that C.R. England asserts in this case.[1] Judge Tymkovich provides an exhaustive analysis of both the *Jordan* and *Fox* cases. *Stalnaker* makes quick work of the negligent entrustment claim, noting that *Fox* permits that claim against a trucking company. *Id.* at 6, *citing Cox v. Swift Transp. Co. of Ariz.*, 2019 WL 3719887, at *3 (N.D. Okla. Aug. 7, 2019). But on the negligent hiring, retention, supervision, education, and training claims, *Stalnaker* noted that "where the employer admits respondeat superior liability, a plaintiff's ability to pursue direct negligence claims against the employer is again an open question under Oklahoma law (apart from negligent hiring arising from battery, which remains foreclosed under *Jordan*)." *Id.* at 7. Judge Tymkovich was left to "predict what the Oklahoma Supreme Court would decide." *Id.*

Rather than just identifying the question, Judge Tymkovich analyzed the decisions following *Jordan* to determine whether, in fact, a trucking company's admission of respondeat superior liability would vitiate the negligent hiring, retention, supervision, education, and training claims. *Id.* at 6-8. After analyzing those cases, the Court noted: "Thus, the court predicts that, if the question were posed to the Oklahoma Supreme Court, it would hold that Stalnaker may pursue his claims for negligent hiring, retention, supervision, education, and training, despite Three Brothers's admission of respondeat superior liability." *Id.* at 8-9.

The Robertsons' motion is not the first time an Oklahoma federal court has been asked to certify this question. In *Estate of Ratley v. Awad*, 2022 WL 19333309 (W.D. Okla. Aug. 3, 2022), the court declined to certify this question based largely

---

[1] The Court notes that England's counsel's law firm is the same as firm that represented Three Brothers Transport in the *Stalnaker* case, yet there was no mention of it in England's response brief.

5

on the untimeliness of the motion to certify. At the time of the motion, the court had already held that the negligent hiring, training, supervision, and retention claims fail as a matter of law under *Jordan*. *Estate of Ratley v. Awad*, 2021 WL 1845497 (W.D. Okla. May 7, 2021). The plaintiff sought reconsideration of the order dismissing the claims, which the court denied. It was only on the plaintiff's third attempt to address this issue that the plaintiff requested certification of the issue to the Oklahoma Supreme Court. *Ratley*, 2022 WL 19333309 at *2. The court in *Ratley* recognized that the issue for certification was "unsettled," but because the certification question was not timely and was requested only after the court had granted defendants' motion to dismiss, the court denied plaintiff's motion to reconsider that ruling.

In the end, the question is likely to arise again and again in trucking accident cases. And Judge Tymkovich predicted in his decision, after carefully examining *Jordan*, *Fox*, and the decisions that have followed those two cases, that the Oklahoma Supreme Court would rule in favor of a plaintiff if presented with the issue notwithstanding the contrary authority among district courts. It is time to get an answer to this question that will be binding on this and future cases.

The Court holds that certification is appropriate and will enter an order certifying the question to the Oklahoma Supreme Court. The Robertsons seek certification of the following question:

> Whether *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997) prevents a plaintiff who asserts both vicarious liability claims and direct negligence claims against an employer—but does not assert an intentional tort claim—from maintaining claims against the employer for negligent hiring, training, retention, or supervision where the employer has stipulated that its employee was acting within the course and scope of employment?

Answering this question may be determinative of the issues raised in pending motions. Upon receiving its answer, this Court will enter the appropriate orders on any pending motions.

No. 23-CV-00059

DATED this 21st day of February 2024.

 _____
 John D. Russell
 *United States District Judge*